REQUESTED BY: Dear Senator:
You have asked our opinion as to the constitutional validity of LB 640, which alters somewhat the present homestead exemption given by section 77-202.13, R.R.S. 1943, to low-income homeowners over 65 years of age, and which gives a credit against income tax to renters of similar ages and incomes. We believe that the general concept and purpose of the bill can be sustained, but as presently drafted it contains some inconsistencies and vague provisions that might be hard to defend against constitutional attack, as well as some failures to set standards for the exercise of administrative duties.
The bill provides for two separate and distinct types of relief. One is a homestead exemption for the designated class of homeowners. As we have said, this is simply a modification of the exemption now provided by section77-202.13, and is authorized by Article VIII, Section 2, of the Nebraska Constitution, which provides in part:
 ". . . The Legislature may by general law provide that a portion of the value of any residence actually occupied as a homestead by any classification of owners as determined by the Legislature shall be exempt from taxation."
This provision gives the Legislature broad discretion in providing for homestead exemptions, limited only by the requirement that the classifications made be rational and reasonably related to some legislative purpose. Surely no serious argument could be made that the class of homeowners created by the present law and by LB 640 is not a reasonable one to which to give tax relief.
The provisions relating to renters are of an entirely different nature from the exemption given to homeowners. Renters are not given an exemption, but a credit against income tax. This credit is not given by authority of Article VIII, Section 2, which does not apply to it. The question with respect to the credit given to renters is whether the classification of over-65, low income renters is a reasonable one to which to give such a credit. We conclude that it is.
The rationale for giving a tax credit to renters is that a lessor increases the amount of rent he charges to cover the amount of real estate taxes he must pay, and that therefore a renter is indirectly paying real estate taxes. Since relief is given to a homeowner of the required age and income, it is not unreasonable to give some relief to a renter of the same age and income. We therefore believe this provision could be successfully defended against a classification attack.
Although LB 640 provides for two distinctly different types of tax relief, the bill does not keep them separate as much as might be desirable, and as a consequence some of the provisions are confusing and unclear. The bill would, we believe, be much more comprehensible if the provisions dealing with each class were set out in separate divisions of the act. As it is, it is sometimes difficult to tell which type of `claimant' is involved in a particular section of the act.
Section 4 provides that when two or more persons in a household meet the definition of `claimant,' they may determine among themselves who the claimant shall be. If they are unable to agree, `the matter shall be referred to the Tax Commissioner whose decision shall be final.' Several constitutional defects appear in this provision. First, there is no specific provision for notice, hearing, or judicial review, and the statement that the Tax Commissioner's decision shall be final seems to specifically exclude judicial review. There may be a denial of due process, in violation of the Fourteenth Amendment to the Federal Constitution and Article I, Section 3, of the Nebraska Constitution.
There is also a complete absence of standards by which the Tax Commissioner is to make this final decision. InGillette Dairy, Inc. v. Nebraska Dairy Products Board,192 Neb. 89, 219 N.W.2d 214 (1974), the court said that in a legislative grant of power to an administrative body, such power must be administered in accordance with standards described in the legislative act. Section 4 of the bill would authorize the Tax Commissioner to adjudicate the rights of contesting parties on any basis he chose. We believe this is prohibited by Gillette Dairy, Inc. and by a long line of other cases to the same effect.
In section 6 the Tax Commissioner is authorized to determine that the gross rent paid by a renter-claimant is excessive, in which case he shall determine a reasonable rent. We find no provision for notice and hearing, and if none is afforded, this may violate due process.
Section 8 defines a homestead. As to owned dwellings, it defines a homestead as one occupied as a residency on the levy date. This seems to conflict with section 39 (section77-202.12, R.R.S. 1943), which defines a homestead as a residence occupied by a natural person who is the owner thereof as of January 1.
Section 11 defines income as the adjusted gross income under the Internal Revenue Code plus other enumerated items. We have not checked all of the enumerated items, but some of them, notably alimony and the taxable portions or pensions and annuities, are already included in the adjusted gross income under the Internal Revenue Code, so they appear to be counted twice. Furthermore, there seems to be some uncertainty as to the inclusion of gifts. Nowhere do we find any language which includes gifts as income, but the last sentence of section 11 says that income does not include gifts of $300 or less from nongovernmental sources, which seems to imply that gifts of over $300 are to be included as income. If so, we do not know whether the excess over $300 is to be included, or the entire gift, if it is over $300. Also we do not know whether the $300 limitation is for all gifts, or whether several people could give the claimant $300 each without having the gifts counted towards income. These matters should be clarified.
Section 12 says that for the purpose of that section, property taxes are levied when the tax roll is delivered to the county treasurer for collection. While a statute may define a term, for purposes of that statute, differently than it is used in other statutes, the term `levy date' is a very commonly used one, and it seems unnecessarily confusing to make it a different date from that contemplated by section77-1601, which describes a levy of taxes as being an action taken by the county board of equalization.
Section 17 provides that if a claimant dies after having filed a timely claim, the amount of the claim shall be transferred to another member of the household as determined by the Tax Commissioner. We assume `claimant' here means a renter claimant, as the amount of the claim of an owner claimant simply results in a reduction or cancellation of the real estate taxes, which would not be subject to transfer. Also, if the Tax Commissioner is to determine to whom a renter claimant's claim is to be transferred, standards must be laid down to guide him in his determination.
Section 21 provides that the real estate taxes of a claimant under the act shall not become delinquent until the date set for the second half of real estate taxes as provided in section 77-202. It should be made clear that `claimant' as used in section 21 refers to an owner claimant, and not to a renter claimant, and that the taxes referred to are taxes on the homestead, and not all real estate owned by the claimant.
Section 30 provides that `every claimant' shall furnish proof of certain facts to the Tax Commissioner. Some of these matters are applicable to renter claimants, and some to owner claimants, and some are in doubt. For example, the claimant must make a statement that the property taxes accrued and used for purposes of the act have been or will be paid by the claimant and that there are no delinquent taxes on the homestead. This should not apply to a renter claimant, since he would not pay the taxes, and he should not be penalized by failure of his landlord to pay the real estate taxes, which can, if not paid, be collected by foreclosure. The section should differentiate between the two types of claimant, and state what is expected of each.
Section 37 provides that a person can claim relief under the act by filing an amended claim within two years of the date the property taxes were paid. This seems to be in conflict with section 27, which requires the claim to be filed with the Department of Revenue on or before April 15. Furthermore, section 37 seems to give the relief to owner claimants, but not to renter claimants, since the payment of the taxes seems to be an irrelevant event, so far as the renter claimant's claim is concerned.
Section 39 amends section 77-202.12, R.R.S. 1943, by, among other things, amending the definition of `owner.' It strikes the language including one of the joint tenants or tenants in common or surviving spouse as an owner, for the purposes of the act. We are not sure exactly what the intention is in this respect, but if it is intended to make the homestead exemption unavailable to joint tenants or tenants in common who occupy the premises as their homestead, we suspect this constitutes unreasonable classification.
In summary, the general purpose of the bill could, we believe, be successfully defended, but the bill contains numerous areas of uncertainty or outright constitutional violations, the more obvious ones of which we have pointed out.